UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>INTELLIGENT DIRECT MARKETING,<br><br>    Debtor,<br>------------------------------<br>THOMAS ACEITUNO, Chapter 7 Trustee<br><br>    Plaintiff,<br><br>  v.<br><br>TODD VOWELL; RAEANNE VOWELL; BEVERLY VOWELL; STEADFAST MAILING SERVICES, INC.; SASHI CORPORATION; JEFFREY K GARCIA; AND FIDELIS MARKETING, INC.,<br><br>    Defendants. | Case No.: 2:12-cv-03068 JAM EFB<br><br>Related No.: 2:09-cv-02898 JAM GGH<br><br>[Bky Case 07-30685-A-7]<br><br>[Bky AP No. 09-2439]<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO LIQUIDATE AMOUNT OF SUCCESSOR LIABILITY AGAINST FIDELIS AND HOLD JEFFREY GARCIA LIABLE** |

    This matter is before the Court on Plaintiff Thomas Aceituno's ("Plaintiff" or "Trustee") motion to liquidate damages (Doc. #92) against Defendant Fidelis Marketing, Inc. ("Defendant Fidelis") and to hold Defendant Jeffrey Garcia ("Defendant

1

Garcia") personally liable.  Defendant Garcia opposes (Doc. #96) Plaintiff's motion, and also filed a special opposition (Doc. #94) disputing the Court's jurisdiction over him.  Defendants Todd and Raeanne Vowell filed a "response" (Doc. #99) to Plaintiff's motion.  Plaintiff replied to both Defendant Garcia (Doc. #100) and the Vowells (Doc. #101).[1]

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

   The parties and the Court, having conducted a four-day bench trial from June 23, 2014 through June 26, 2014, are familiar with the factual and procedural history of this case.  Following trial, the Court made the following factual and legal findings, relevant to Plaintiff's present motion.  Todd Vowell began operating Intelligent Direct Marketing, Inc. ("IDM") as an automotive direct mailing service in 1994, and incorporated IDM in 1997.  Fidelis F & C (Doc. #78) at 3.  After a number of profitable years, IDM began operating at a loss by late 2006 and 2007.  Fidelis F & C at 5.  On May 1, 2007, Jeff Garcia created Fidelis, a direct mail marketing company.  Fidelis F & C at 5. IDM granted Fidelis a right to possess IDM's goodwill, income stream, and assets.  Fidelis F & C at 6.  In fact, the only difference between IDM and Fidelis was that Fidelis would not be responsible for IDM's debt.  Fidelis F & C at 5.  Based on these facts, the Court found that "Fidelis is the successor of IDM because Fidelis was created for the purpose of avoiding

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for February 11, 2015.

liability." Fidelis F & C at 26.  With regard to Mr. Garcia, the Court noted that "[t]he Trustee also seems to suggest that Mr. Garcia should be held directly liable [on behalf of Fidelis], but he fails to address alter ego liability."  Fidelis F & C at 25. The Court entered judgment against Fidelis, but in favor of Mr. Garcia.  Fidelis F & C at 26.

II.   OPINION

A.   <u>Judicial Notice</u>

Plaintiff requests that the Court take judicial notice of the "proofs of claim" submitted in support of his motion.  Doc. #92.  Based on Plaintiff's representations and the header on each page of the exhibits, these documents appear to be part of the record in the underlying bankruptcy case.  These court documents are public records, and Defendants do not dispute their authenticity.  Accordingly, they are the proper subject of judicial notice, and Plaintiff's request is GRANTED.  However, the Court notes that it may only take judicial notice of the existence of such documents, not the facts contained therein.

Similarly, Defendants Todd and Raeanne Vowell request that the Court take judicial notice of the "proof of claim" submitted by the Vowells in the underlying bankruptcy case.  Doc. #99-1. This document is a public record, and Plaintiff does not dispute its authenticity.  Accordingly, it is the proper subject of judicial notice, and the request is GRANTED.  Again, the Court notes that it may only take judicial notice of the existence of the document, not the facts contained therein.

B.  <u>Discussion</u>

    1.  <u>Calculation of Damages against Fidelis</u>

Plaintiff moves for "an order fixing the total amount of the debts of IDM at $1,053,438.49 for purposes of giving effect to the successor liability of Fidelis Marketing, Inc., for IDM's debts, as declared" in the Court's September 18, 2014 order. Mot. at 1. Along with his motion, Plaintiff submits a chart summarizing the claims filed in the underlying IDM bankruptcy case, as well as copies of the documentary proof submitted in support of these claims. <u>See</u> Doc. #92. Defendant Fidelis does not oppose this portion of Plaintiff's motion, and does not dispute Plaintiff's calculation of IDM's debt, for which Fidelis bears successor liability. However, Defendants Todd and Raeanne Vowell submit a "response" to Plaintiff's motion, which is discussed below.

Under 28 U.S.C. § 2202, the Court may grant "[f]urther necessary or proper relief . . . against any adverse party whose rights have been determined by [a declaratory] judgment." 28 U.S.C. § 2202. On September 18, 2014, the Court ordered that "declaratory judgment be entered against Fidelis declaring it liable for IDM's debt on Plaintiff's successor liability claim." Order at 26. Accordingly, Plaintiff's request for an order fixing the debt of IDM, for purposes of giving effect to the September 18, 2014 declaratory judgment imposing successor liability on Fidelis, is properly before the Court.

In calculating the amount of damages against Fidelis, Plaintiff looks to the claims submitted against IDM in the underlying bankruptcy action, but excludes two categories of

4

1  claims.  First, Plaintiff excludes any claims arising after May
2  1, 2007, the date on which Fidelis came into existence as the
3  "new IDM."  Mot. at 4.  Second, Plaintiff excludes any "insider"
4  claims filed by Fidelis, Garcia, Sashi Corporation, Todd Vowell,
5  or Raeanne Vowell.  Mot. at 4.  Plaintiff notes that this
6  calculation is "conservative" because it excludes "doubtful or
7  questionable claims."  Reply to Vowells at 1; Mot. at 4.  Taking
8  the sum of all claims which do not fall into either of the above
9  categories, Plaintiff seeks damages against Fidelis in the amount
10 of $1,053,438.49.  All of the claims included in this calculation
11 are supported by documentary proof, which accompanies Plaintiff's
12 declaration.  Doc. #92.  As noted above, Fidelis does not oppose
13 this calculation.  In light of Plaintiff's conservative approach
14 and the supporting documentation, and in the absence of any
15 opposition by Fidelis, the Court adopts Plaintiff's calculation.
16 Accordingly, the Court finds that the total amount of IDM's debt,
17 for which Fidelis is liable as a successor to IDM, is
18 $1,053,438.49.  As discussed below, the Court makes no
19 determination as to whether or not the "insider" claims or claims
20 arising after May 1, 2007 should ultimately be paid or disallowed
21 during the Trustee's distribution of the bankruptcy estate.
22      Defendants Todd and Raeanne Vowell argue that Plaintiff is
23 attempting to "summarily invalidate the Vowells' claim."  Vowell
24 Response at 2.  The Vowells express concern that Plaintiff's
25 failure to include their claims in the calculation of damages
26 against Fidelis will ultimately prevent them from prevailing on
27 those claims during bankruptcy proceedings.  Vowell Response at
28 2.  However, as explained in Plaintiff's reply, this is not the

case. Reply to Vowells at 2. Plaintiff's current motion merely seeks to fix the total amount of IDM's debt for which Fidelis bears successor liability. The amount imposed by the Court ($1,053,438.49) will be added to the bankruptcy estate, for eventual distribution by the Trustee. Prior to distributing the estate, the Trustee will "examine proofs of claims and object to the allowance of any claim that is improper." 11 U.S.C. § 704(a)(5). If the monetary amount of valid claims exceeds the funds held by the Trustee, the estate will be distributed according to the priorities set forth in 11 U.S.C. § 726. Accordingly, the Vowells' concern that this order will invalidate their claims is misplaced: a final determination as to the validity of their claims will not be made until later in the bankruptcy proceedings, after the Trustee has collected the funds comprising the bankruptcy estate. Moreover, to the extent that the Vowells ask the Court to increase the amount of damages imposed against Fidelis – by including their $2,286,479.57 claim against IDM – this request is not properly before the Court and Defendant Fidelis has had no chance to address their argument.

For all of these reasons, Plaintiff's motion to fix the amount of IDM's debt, for which Fidelis bears successor liability, at $1,053,438.49 is GRANTED.

      2.   <u>Personal Liability of Garcia</u>

Plaintiff also asks the Court to find that "Garcia as well as Fidelis [is] liable for repayment of [IDM's] debt." Mot. at 8. Plaintiff argues that the "alter ego doctrine applies to prevent Garcia from using Fidelis to shield himself from liability." Mot. at 6. Defendant Garcia responds that the Court

1 lacks jurisdiction over him because it has already entered
2 judgment in his favor, and that Plaintiff's alter ego argument is
3 foreclosed by the doctrine of res judicata.  Garcia Special Opp.
4 at 1; Garcia Opp. at 1.  Plaintiff replies that "[t]he issue of
5 Garcia's alter ego liability . . . was not pled or litigated."
6 Reply to Garcia at 2.

7    In its September 18, 2014 order, the Court specifically held
8 that "all the claims not discussed in either the Trustee's
9 proposed findings of fact and and conclusions of law or the
10 Trustee's supplemental post-trial brief are abandoned."  Fidelis
11 F & C at 9.  Immediately after finding that Fidelis bears
12 successor liability for IDM's debts, the Court noted that "[t]he
13 Trustee also seems to suggest that Mr. Garcia should be held
14 directly liable . . . but he fails to address alter ego
15 liability."  Fidelis F & C at 25.  The Court went on to order
16 that "judgment be entered in favor of . . . Jeffrey Garcia"
17 without limiting or qualifying this aspect of the order in any
18 way.  Fidelis F & C at 26.

19    The plain implication of this language is that Mr. Garcia is
20 not personally liable, under an alter ego theory of liability,
21 for the successor liability of Fidelis on behalf of IDM's debts.
22 Plaintiff had an opportunity to present evidence at trial to
23 support this argument in his proposed findings of fact and
24 conclusions of law, and failed to adequately do so.  In fact,
25 Plaintiff concedes that the portion of his proposed findings
26 which relates to successor liability "does not request alter ego
27 liability against Garcia."  Reply at 3.  In light of (1) the
28 Court's specific finding that arguments not made at the time of

1   the trial would be deemed abandoned and (2) the Court's specific
2   finding that Plaintiff failed to address alter ego liability on
3   behalf of Mr. Garcia, Plaintiff's alter ego argument presently
4   before the Court is barred by the doctrine of res judicata.  See
5   Greenspan v. LADT, LLC, 191 Cal.App.4th 486, 514 (2010) (noting
6   that "[r]es judicata prohibits the relitigation of claims and
7   issues which have already been adjudicated in an earlier
8   proceeding").  Plaintiff's present motion amounts to an untimely
9   request for reconsideration of the Court's prior finding as to
10  Mr. Garcia.  Plaintiff has presented no compelling reason for the
11  Court to revisit its entry of judgment in favor of Mr. Garcia,
12  and the Court declines to give Plaintiff a second bite at the
13  apple.
14       Plaintiff's reliance on Greenspan is misplaced.  Reply to
15  Garcia at 4.  In Greenspan, the California appellate court
16  discussed the doctrine of res judicata with regard to an issue
17  that had not been considered in the original proceeding.  See
18  Greenspan, 191 Cal.App.4th at 507 (noting that the party seeking
19  to invoke the doctrine of res judicata "was not a party to that
20  claim [decided in the earlier proceeding] and did not prevail on
21  it").  Thus, the issue in Greenspan was whether the party seeking
22  to amend the judgment was precluded from doing so by its failure
23  to raise the issue in the earlier proceeding.  Greenspan, 191
24  Cal.App.4th at 514.  Here, the issue of Mr. Garcia's alter ego
25  liability was expressly reached and rejected by the Court in its
26  September 18, 2014 order.  Accordingly, res judicata is a bar to
27  Plaintiff's argument, as it "precludes a party to an action from
28  relitigating in a second proceeding matters litigated and

determined in a prior proceeding." Greenspan, 191 Cal.App.4th at 514.

To the extent that Plaintiff's motion seeks a finding that Garcia is personally liable for the repayment of Fidelis' and IDM's debt, his motion is DENIED. As the Court does not find Mr. Garcia personally liable for the debts of Fidelis and IDM, it need not consider Defendant Garcia's argument that the entry of judgment in his favor divests the Court of jurisdiction over him. Garcia Special Opp. at 1.

### III.   ORDER

For the reasons set forth above, the Court GRANTS Plaintiff's motion to the extent it seeks to fix the amount of damages against Defendant Fidelis at $1,053,438.49, and DENIES Plaintiff's motion to the extent it seeks to hold Defendant Garcia personally liable for the debts of Fidelis and IDM:

IT IS SO ORDERED.

Dated: March 2, 2015

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE